UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**TATIANA TOAWICHA,**

    **Plaintiff,**

    CASE NO.:

v.

    DIVISION:

**US ASSURE INSURANCE**
**SERVICES OF FLORIDA, INC.,**

    **Defendant.**

    _____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Tatiana Toawich, by and through undersigned counsel, brings this action against Defendant, US Assure Insurance Services of Florida, Inc., and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and for declaratory relief, for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq., and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 US.C. §§2000e et seq.

2. Venue is proper in this district, because all of the events giving rise to these claims occurred in Duval County which is in this district.

**PARTIES**

3. Plaintiff is a resident of Duval County, Florida.

4. Defendant operates an insurance business in Jacksonville, in Duval County, Florida.

**GENERAL ALLEGATIONS**

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA and Title VII.

## FACTS

10. Plaintiff began working for Defendant on May 1, 2022 as a Collections Specialist, and she worked in this capacity until May 19, 2022.

11. Plaintiff is a female.

12. Thus, Plaintiff is a member of a protected class, and as such benefits from the protections of the FCRA.

13. Plaintiff performed the job for which she was hired in a satisfactory manner.

14. Specifically, Plaintiff did not receive any coachings or warnings.

15. In early May 2022, Plaintiff experienced sexual harassment at the hands of another employee, Gertie Robinson ("Robinson").

16. By way of example, Robinson pressed Plaintiff's face into her breasts.

17. Robinson would also regularly try to hug Plaintiff without her consent and despite her protestations.

18. Robinson repeatedly asked Plaintiff to go to lunch with her and she declined.

19. On or about April 27, 2022, Robinson asked Plaintiff if she was getting a lot of "sexercise" lately.

20. Plaintiff complained to her Trainer first, Heather (L/N/U) ("Heather"), and informed Heather that Robinson's comments and behavior made her uncomfortable.

21. Heather advised Plaintiff to speak with Cheryl Kirkland ("Kirkland"). However, Kirkland was unavailable that day when Plaintiff attempted to bring her complaint to Kirkland.

22. Kirkland later sent Plaintiff a message asking to speak.

23. Plaintiff met with Kirkland and informed Kirkland of Robinson's sexual harassment of her.

24. Kirkland informed Plaintiff that Robinson had been the subject of complaints from other employees as well.

25. Despite her complaints to Kirkland, Robinson's harassment of her did not stop.

26. The next day Plaintiff worked with Robinson, she hugged her again pressed Plaintiff's face into her breasts.

27. Plaintiff again reported this behavior to Heather.

28. Thus, Plaintiff was subjected to disparate treatment on the basis of her sex.

29. Plaintiff complained about this discrimination to Defendant by reporting it to her Trainer, Heather, and Kirkland.

30. In response, Defendant took no remedial action.

31. Instead, on the morning of May 19, 2022, Defendant terminated Plaintiff's employment.

32. Defendant's termination of Plaintiff's employment was in retaliation for her complaints of discrimination and for a pre-textual reason.

### COUNT I – FCRA VIOLATION
### (DISCRIMINATION)

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

34. Plaintiff is a member of a protected class under the FCRA.

35. Plaintiff was subjected to disparate treatment on account of her sex.

36. Defendant's actions were willful and done with malice.

37. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## COUNT II – FCRA VIOLATION
### (HARASSMENT)

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

39. Plaintiff is a member of a protected class under the FCRA.

40. Plaintiff was subjected to unwelcome harassment on the basis of her sex.

41. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, including but not limited to termination of her employment.

42. In response, Defendant failed to intervene or take prompt and effective remedial action.

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA RETALIATION

45. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class under the FCRA.

47. Plaintiff engaged in protected activity under the FCRA by making a complaint to her Trainer and to Kirkland.

48. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

49. Defendant's actions were willful and done with malice.

50. By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

51. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

  j)  All costs and attorney's fees incurred in prosecuting these claims; and

  k)  For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII VIOLATION
### (DISCRIMINATION)

52. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

53. Plaintiff is a member of a protected class under Title VII.

54. Plaintiff was subjected to disparate treatment on account of her sex.

55. Defendant's actions were willful and done with malice.

56. Plaintiff was injured due to Defendant's violations of Title VII, for which she is entitled to relief.

*WHEREFORE*, Plaintiff demands:

  j)  A jury trial on all issues so triable;

  k)  That process issue and this Court take jurisdiction over the case;

  l)  Compensation for lost wages, benefits, and other remuneration;

  m)  Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

  n)  Any other compensatory damages, including emotional distress, allowable at law;

  o)  Punitive damages;

  p)  Prejudgment interest on all monetary recovery obtained.

  q)  All costs and attorney's fees incurred in prosecuting these claims; and

  r)  For such further relief as this Court deems just and equitable.

## COUNT V – TITLE VII VIOLATION

**(HARASSMENT)**

57. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

58. Plaintiff is a member of a protected class under the Title VII.

59. Plaintiff was subjected to unwelcome harassment on the basis of her sex.

60. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, including but not limited to termination of her employment.

61. In response, Defendant failed to intervene or take prompt and effective remedial action.

62. Defendant's actions were willful and done with malice.

63. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to relief.

*WHEREFORE*, Plaintiff demands:

j) A jury trial on all issues so triable;

k) That process issue and that this Court take jurisdiction over the case;

l) Compensation for lost wages, benefits, and other remuneration;

m) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

n) Any other compensatory damages, including emotional distress, allowable at law;

o) Punitive damages;

p) Prejudgment interest on all monetary recovery obtained.

    q)    All costs and attorney's fees incurred in prosecuting these claims; and

    r)    For such further relief as this Court deems just and equitable.

## COUNT VI – TITLE VII RETALIATION

64. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

65. Plaintiff is a member of a protected class under Title VII.

66. Plaintiff engaged in protected activity under Title VII by making a complaint to her Trainer and to Kirkland.

67. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

68. Defendant's actions were willful and done with malice.

69. By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

70. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    l)    A jury trial on all issues so triable;

    m)    That process issue and that this Court take jurisdiction over the case;

    n)    That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

    o)    Compensation for lost wages, benefits, and other remuneration;

    p)    Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

q) Front pay;

r) Any other compensatory damages, including emotional distress, allowable at law;

s) Punitive damages;

t) Prejudgment interest on all monetary recovery obtained.

u) All costs and attorney's fees incurred in prosecuting these claims; and

v) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 9th day of October, 2023.

Respectfully submitted,

 *s/ Amanda E. Heystek*
**AMANDA E. HEYSTEK**
Florida Bar No.0285020
**NIKOLE D. MILLER**
Florida Bar No. 1031826
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2560
Facsimile No.: 813-229-8712
Email: aheystek@wfclaw.com
Email: nmiller@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**